# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA HEREAU, individually and as father and next friend of WILLIAM "WILL" HEREAU, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>US SPORTS CAMPS, INC., a California corporation, EVERGREEN ALLIANCE GOLF LIMITED, LP, a Texas Corporation d/b/a Fresh Meadows Golf Club, Daniel STUMPF, and JAKE THURM.<br><br>Defendants. | No. 1:19-CV-00315<br>Judge Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Joshua Hereau, individually and as Father and next friend of William "Will" Hereau, a minor, (together, "Plaintiffs") filed a motion to remand this case to the Circuit Court of Cook County, Illinois. (Dkt. No. 80.) For the reasons explained below, we grant Plaintiff's motion and remand forthwith this matter back to the Circuit Court of Cook County, Illinois.

## BACKGROUND

We address the pleaded facts that are relevant to whether this case is properly before the federal judiciary. This case was initially filed in the Circuit Court of Cook County, Illinois on December 31, 2018. (Complaint (Compl.) (Dkt. No. 1–1) at 2.) Defendant US Sports removed this lawsuit to the United States District Court for the Northern District of Illinois on January 16, 2019. (Dkt. No. 1.) Then Plaintiffs filed their Third Amended Complaint. (Third Amended Complaint ("TAC") (Dkt. No. 79).) The Third Amended Complaint joined three additional

defendants Evergreen Alliance Golf Limited, LP ("Evergreen"), Daniel Stumpf ("Stumpf"), and Jake Thurm ("Thurm"). (*Id.*)

On August 16, 2018, Plaintiff Will Hereau was at Nike Junior Golf Camp in Hillside, Illinois, when his head was struck by a golf club swung by a golf instructor, Defendant Stumpf. (TAC. at 2–3.) Stumpf was Defendant Evergreen's agent and/or employee. (*Id.* at 4.) At that time, Plaintiffs were residents of DuPage County, Illinois. (*Id.* at 1)[1] Defendant US Sports Camps, Inc. ("US Sports") was a California Corporation doing business in Cook County, Illinois. (*Id.* at 1–2.) US Sports organized, promoted, and operated the junior golf camp that Plaintiff Will Hereau attended in Hillside, Illinois. (*Id.*) At that time, Defendant Evergreen hosted and conducted that golf camp. (*Id.* at 4.) Evergreen was a Texas Corporation doing business in Cook County, Illinois. (*Id.*) Defendant Thurm was the golf camp's director and Evergreen's employee. (*Id.* at 6 and 8.) Upon the Plaintiff's information and belief, Defendants Stumpf and Thurm are citizens of State of Illinois. (Mot. to Remand (Dkt. No. 80) at 2.) Our reading of the Complaint suggests that such a finding is accurate since they appear to have been employees of the golf course where the camp took place. Nor do those individual defendants' alleged employers Evergreen or US Sports claim otherwise.

## ANALYSIS

Federal district courts may not exercise jurisdiction absent a statutory basis. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2617 (2005); *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 841 (N.D. Ill. 2019). By statute,

---

[1] In their motion to remand, Plaintiffs state: "Currently and at the time of filing their Third Amended Complaint at Law, Plaintiffs were citizens of the State of Texas." (Mot. to Remand at 2.) But then Plaintiffs' Reply brief, Plaintiffs contended that that was mistaken and they are indeed Illinois citizens. (Pls.' Reply (Dkt. No. 84) at 2–3, 4.)

2

Congress grants federal courts jurisdiction over two types of cases: those that "arise under" federal law, 28 U.S.C. § 1331, and those where there is diversity of citizenship and an amount-in-controversy requirement is met, 28 U.S.C. § 1332(a). *See Home Depot U.S.A., Inc. v. Jackson*, — U.S. —-, 139 S. Ct. 1743, 1746 (2019). The diversity statute requires complete diversity of citizenship. *See Mobil Corp.*, 545 U.S. at 553, 125 S. Ct. at 2617–18.

Plaintiffs' motion to remand is rooted exclusively in the fact that Plaintiffs share diversity of citizenship with the two individual defendants. That state of citizenship is Illinois.[2] Defendants respond, without citing any law whatsoever, that citizenship is generally determined at the time the case commences or is removed, and does not change as a result of a change in citizenship. (Defs.' Resp. (Dkt. No. 83) at 3.) Defendants are correct that Plaintiffs' purported postfiling move to Texas does not affect the diversity analysis. *See, e.g.*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571, 124 S. Ct. 1920, 1924 (2004) (holding that postfiling change in a plaintiff's citizenship did not cure defect in diversity jurisdiction); *Mollan v. Torrance*, 22 U.S. 537, 539, — S. Ct. — (1824) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.")

Nevertheless, remand is appropriate. Under 18 U.S.C. § 1447(e), if after removal the plaintiff adds additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. 18 U.S.C. § 1447(e). Although permitting the joinder is discretionary, once we do so, diversity gets destroyed, forcing us to remand the case to the state court. *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (1996) (other internal citations omitted)); *Goutanis v. Mutual Group*, No. 92

---

[2] *See supra* n.1.

C 1689, 1995 WL 86588, at *6 (N.D. Ill. Feb. 24, 1995) ("The language 'permit joinder and remand to state court' means that permitting a joinder of parties which destroys subject matter jurisdiction must result in a remand."). Thus, to determine whether remand is proper here, we next examine whether the amendment joining the non-diverse parties was proper. *See id.*

Allowing an amendment is an equitable determination. *Perrez*, 261 F. Supp. 2d at 1001 (citing *Vasilakos v. Corometrics Medical Systems, Inc.*, No. 93 C 5343, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993). Here, we hold that joinder was appropriate because the plaintiff's motivation in doing so does not appear to have been made to defeat diversity jurisdiction, but rather to seek remedies from the individuals who allegedly directed the camp (Thurm) and hit the minor plaintiff in the head with a golf club (Stumpf). We also note that the prejudice to the parties in adding these nondiverse parties is minor or nonexistent. Although the joinder was made well after the lawsuit was initially filed, there is no indication that that delay was brought for improper purposes. Thus, after considering the equity associated with this joinder, we hold that joining these two nondiverse individual defendants was indeed proper. *See id.* Thus, section 1447(e) mandates remand in this case to the Circuit Court of Cook County, Illinois because Plaintiffs share the same state citizenship with two of the properly joined defendants.

## CONCLUSION

Under 28 U.S.C. § 1447(e) and for the above stated reasons, Plaintiffs' motion to remand the case to the Circuit Court of Cook County, Illinois is granted. The Clerk's office is directed to remand this case forthwith.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 14, 2020
Chicago, Illinois

4